IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY LYNN FISHER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:11-CV-1583 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PRIMECARE MEDICAL, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

December 12, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Gary Lynn Fisher ("Plaintiff" or "Fisher"), an inmate presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)

Upon screening the Complaint under the provisions of 28 U.S.C. § 1915, the Court determined that it failed to state a claim against Defendants upon which relief may be granted. Therefore, by Memorandum and Order dated October 17, 2011, we dismissed Fisher's claims against Defendants for failure to state a claim under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), but provided Fisher with the opportunity to file an amended pleading in this action within twenty-one (21) days, or by

November 7, 2011. (Doc. 8.)

On October 31, 2011, a letter from Fisher was entered on the docket as a "Motion to Continue." (Doc. 11.) In his filing, Fisher stated that, on October 18, he was transferred on a writ from the State Correctional Institution Camp Hill ("SCI Camp Hill") to Dauphin County Prison, and that he did not know when he would return to SCI Camp Hill. (*Id.*) He requested that this Court continue his case pending his return and for twenty-one (21) days after his return to SCI Camp Hill. (*Id.*)

By Order dated November 1, 2011, we construed Fisher's request as a Motion to Stay his case, and we granted the Motion to the extent that we stayed this case through December 1, 2011. (Doc. 12.) Our Order further provided that, on or before the date of the expiration of the stay, Fisher either could move to reinstate his case to active status or to extend the period of the stay. (*Id.*) Our Order warned Fisher that, in the event he failed to filed a motion to reinstate his case or to extend the period of the stay by December 8, 2011, this case would be dismissed for failure to prosecute. (*Id.*)

Because the deadline for Fisher to comply with our November 1 Order has passed, and the Court has received no communication from Fisher, the above action will be dismissed for failure to prosecute. *See* Federal Rule of Civil Procedure 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). An appropriate Order will enter on today's date.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY LYNN FISHER, | : | |
| Plaintiff, | : | CIVIL NO. 1:11-CV-1583 |
| v. | : | Hon. John E. Jones III |
| PRIMECARE MEDICAL, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

December 12, 2011

In accordance with the Memorandum issued on today's date, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The above-captioned action is **DISMISSED** for failure to prosecute due to Plaintiff's failure to comply with our November, 1, 2011 Order (Doc. 12).

2. The Clerk of Court shall **CLOSE** this case.

/s/ John E. Jones III
John E. Jones III
United States District Judge